IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

REGINALD B. WARE,

Plaintiff,

v.

MIDLAND FUNDING LLC, MIDLAND CREDIT MANAGEMENT, FREDRICK J. HANNAH & ASSOCIATES, M. SCOTT PESKIN, CLAYTON MOSLEY, and W. JEREMY SALTER,

Defendants.

CIVIL ACTION FILE

NO. 1:13-CV-00020-CC-GGB

**FINAL REPORT AND RECOMMENDATION**

In this case, Plaintiff Reginald Ware is asserting claims under the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA"). On September 12, 2013, I issued a non-final report and recommendation ("R & R") addressing a trio of motions to dismiss filed by the Defendants. (See Doc. 26). I recommended that Ware's FDCPA claim be dismissed because that claim was barred by the statute of limitations. (Id. at 3-4). I also concluded that Ware had failed to state a claim to relief under the FCRA, but, in light of his pro se status, I stated that he could file an amended complaint with respect to his FCRA claim. (See id. at 5-8). Ware did

submit a proposed amended complaint,[1] which is now before this Court for review. (See Doc. 28-1, Amended Complaint). I have considered the response to the amended complaint filed by Midland Credit Management, Inc., and Midland Funding, LLC (collectively, "Midland"). (Doc. 29).

For the reasons set forth below, I conclude that Ware's amended complaint still fails to state a claim under the FCRA. On the other hand, Ware has offered some new allegations which state a plausible claim against the Midland Defendants under the FDCPA. Accordingly, I **RECOMMEND** that the Midland Defendants' Fed.R.Civ.P. 12(b)(6) motions to dismiss (Docs. 18) be **GRANTED IN PART AND DENIED IN PART.** The amended complaint does not discuss any actions taken by the other Defendants, Frederick J. Hanna & Associates, P.C., M. Scott Peskin, Clayton Moseley, and W. Jeremy Salter. Therefore, I **RECOMMEND** that the Fed.R.Civ.P. 12(b)(6) motion to dismiss (Doc. 21) filed by those defendants be **GRANTED** and that Ware's claims against those Defendants be **DISMISSED WITH PREJUDICE**. Finally, I

[1]Ware's amended complaint was timely filed. The R & R directed Ware to submit the amended complaint within 14 days. The R & R was served on Ware by mail, which meant that he had an additional three days to respond under Fed.R.Civ.P. 6(d). The last day of that 17-day period—September 29—was a Sunday, so Ware had until Monday, September 30, to file his amended complaint. Fed.R.Civ.P. 6(a)(1)(C).



AO 72A
(Rev.8/82)

**RECOMMEND** that the alternative motion to dismiss for improper service of process filed by Defendants Peskin, Mosley, and Salter (Doc. 22) be **DENIED AS MOOT**.

## I. Legal Standard

Before allowing Ware to proceed with the amended complaint, the Court must first determine whether that complaint can survive the pending motions to dismiss. A plaintiff should be given leave to amend his complaint whenever justice so requires. Fed.R.Civ.P. 15(a)(2). However, leave to amend should be denied "when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555, 127 S.Ct. at 1965. Something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. Id. at 555, 127 S.Ct. at 1964-65. Because



AO 72A
(Rev.8/82)

Ware is proceeding without counsel, the allegations in his amended complaint are to be liberally construed. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

## II. The Amended Complaint

In his amended complaint, Ware sets forth the following factual allegations. On October 16, 2010, Ware received a collection letter from Defendant Midland Credit Management ("Midland"), a debt collection agency. (Doc. 28-1, Amended Complaint ¶¶ 8, 12). Midland also reported this debt to the major consumer reporting agencies. (Id. ¶¶ 13, 14(b)). Ware asserts that this debt was "non-existent" and that he disputed the debt on numerous occasions. (Id.). However, Midland responded that the debt was being correctly reported. (Id.).

Ware asserts that Midland has violated a section of the FCRA, 15 U.S.C. § 1681s-2(a), which prohibits a credit furnisher from supplying false information to a consumer reporting agency. (Id. ¶ 14(b)). Ware also contends that Midland violated the FDCPA in a number of different ways. First, he asserts that the October 15, 2010, letter provided certain legal disclosures "in a confusing and improper manner." (Id. ¶ 12). Next, Ware states that Midland engaged in an unfair debt collection practice when it reported a "non-existent account" to the consumer reporting agencies. (Id.



AO 72A
(Rev.8/82)

¶¶ 12-13). Finally, Ware states that it was improper for Midland to charge interest on the debt. (Id. ¶ 13). He observes that Midland has failed to provide a signed contract that authorizes the charging of interest. (Id.).

**III. Discussion**

**A. The amended complaint does not state a claim under the FCRA.**

Ware's amended complaint still fails to state a claim under the FCRA. Ware asserts that Midland violated 15 U.S.C. § 1681s-2(a), but, as I noted in my earlier R & R, that provision of law may be enforced only by federal and state officials, not by private litigants. 15 U.S.C. § 1681s-2(c), (d) (stating that § 1681s-2(a) "shall be enforced exclusively . . . by the Federal agencies and officials and the State officials identified in section 1681s of this title"); Peart v. Shippie, 345 F.App'x 384, 386 (11th Cir. 2009). Therefore, Ware cannot bring a claim against Midland for initially reporting inaccurate information.

The amended complaint also does not state a claim under 15 U.S.C. § 1681s-2(b). That subsection requires a credit furnisher to undertake a reasonable investigation once it receives notice of a consumer dispute from a credit reporting agency. Here, Midland did investigate Ware's dispute, but concluded that the account was being correctly reported. (See Doc. 28-1, Amendment Complaint ¶ 14(b)). Ware might disagree with



AO 72A
(Rev.8/82)

the results of Midland's investigation, but he has not set forth any factual allegations suggesting that the investigation was somehow unreasonable or that Midland otherwise failed to comply with its obligations under § 1681s-2(b). Accordingly, the amended complaint fails to state a claim under the FCRA.

**B. Ware has not stated a claim under the FDCPA.**

Ware's amended complaint also includes additional allegations under the FDCPA. My original R & R only directed Ware to file an amended complaint with respect to the FCRA claim, but, in the interest of giving full consideration to Ware's complaint, I will consider his amended FDCPA claims as well. Ware first asserts that the October 16, 2010, collection letter that he received from Midland contained "confusing and improper" disclosures. (Doc. 28-1, Amended Complaint ¶¶ 12-13). However, as I previously noted, Ware cannot bring an FDCPA claim based upon this letter because he did not file suit within one year of receiving it. (See Doc. 26 at 3-4); see also 15 U.S.C. § 1692k(d) (establishing a one-year statute of limitations for FDCPA claims). The amended complaint does not include any new allegations that would overcome the statute of limitations bar.

Ware goes on to assert that Midland violated 15 U.S.C. § 1692e(8) by reporting a non-existent debt to the consumer reporting agencies. (Doc. 28-1, Amended



AO 72A
(Rev.8/82)

Complaint ¶¶ 12-13). That section of the FDCPA makes it unlawful for a debt collector to communicate credit information which the collector knows or should know to be false. (Id. ¶ 13). Midland argues that Ware has failed to explain exactly how the debt was "non-existent," but the most natural reading of Ware's complaint is that he is simply stating that he did not owe the debt. Ware also asserts that he informed Midland of this by filing a dispute. (See id. ¶¶ 13, 14(a)). If the debt truly was "non-existent" and if Ware's dispute put Midland on notice that its information was incorrect, then Midland violated § 1692e(8) by continuing to report the debt to the consumer reporting agencies. Accordingly, I conclude that Ware's amended complaint states a claim to relief under § 1692e(8).

Finally, Ware suggests that Midland is violating the FDCPA by charging interest on the unpaid debt. (See Doc. 28-1, Amended Complaint ¶ 13). The FDCPA permits a debt collector to charge interest only if such interest is expressly authorized by the agreement or otherwise permitted by law. 15 U.S.C. § 1692f(1). Here, Ware asserts that there is no contract that permitted Midland to charge interest on the alleged debt. (See Doc. 28-1, Amended Complaint ¶ 13). That allegation is sufficient to state a claim for relief under § 1692f(1).



AO 72A
(Rev.8/82)

To sum up, I conclude that Ware has failed to state an FDCPA claim based upon the initial debt collection letter, but that he has stated claims under 15 U.S.C. §§ 1692e(8) and 1692f(1). At this stage of the litigation, I cannot say that Ware's allegations about the debt being "non-existent" are so implausible that his § 1692e(8) should be dismissed under Fed.R.Civ.P. 12(b)(6). The same is true of Ware's contention that there was no agreement that allowed Midland to charge interest on the debt.

## IV. Conclusion

I conclude that Ware's proposed amended complaint still fails to state a claim under the FCRA and that Ware cannot bring an FDCPA claim based upon the initial debt collection letter. Therefore, I **RECOMMEND** that the Midland Defendants' motion to dismiss (Doc. 18) be **GRANTED IN PART** with respect to those claims and that those claims be **DISMISSED WITH PREJUDICE**. On the other hand, I **RECOMMEND** that the motion be **DENIED IN PART** with respect to Ware's claims against the Midland Defendants under 15 U.S.C. §§ 1692e(8) and 1692f(1).

Ware's amended complaint only discusses actions taken by the Midland Defendants. Ware has not stated a claim against Frederick J. Hanna & Associates, P.C., M. Scott Peskin, Clayton Moseley, and W. Jeremy Salter. Therefore, I recommend that

the motion to dismiss filed by those defendants (Doc. 21) be **GRANTED** in its entirety and that all of Ware's claims against those defendants be **DISMISSED WITH PREJUDICE**. I **RECOMMEND** that the alternative motion to dismiss for improper service of process filed by Defendants Peskin, Mosley, and Salter (Doc. 22) be **DENIED AS MOOT**.

IT IS SO RECOMMENDED this 18th day of October, 2013.

Gerrilyn G. Brill

GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE



AO 72A
(Rev.8/82)